439 A.2d 200

**James M. BERGER, Appellant,**

v.

**Alvin ACKERMAN, Sigmund Spiegel and Bernath Schwartz.**

Superior Court of Pennsylvania.

Argued May 20, 1981.

Filed Dec. 29, 1981.

458

Carl Gainor, Pittsburgh, for appellant.

Wayne Babcock, Pittsburgh, for appellees.

Before HESTER, DiSALLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer and dismissing appellant's complaint in equity. For the reasons stated herein, we affirm the lower court's order.

■ To begin with, in reviewing an order sustaining preliminary objections in the nature of a demurrer we must remember that "a demurrer admits every well-pleaded material fact set forth in the pleadings, as well as all inferences, other than conclusions of law, reasonably deducible therefrom." *Tanenbaum v. Sears, Roebuck & Co.*, 265 Pa.Super. 78, 81, 401 A.2d 809, 810 (1979). Moreover, we must be able to state with certainty that upon the facts averred, the law will not permit recovery by the plaintiff. *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976); *Hamill Quinlan Realty Co., Inc. v. Rosswog Homes, Inc.*, 281 Pa.Super. 235, 422 A.2d 146 (1980). Viewing the pleadings in this light, the facts are as follows:

In 1971, appellees were the owners of a small shopping center in McKeesport, Pennsylvania, which contained a Giant Eagle Market and a business known as "Slaton's Pharmacy." On September 27, 1971, appellant, James M. Berger, entered into a written lease with appellees whereby appellant took possession of Slaton's Pharmacy. At that time and for nine years thereafter the Giant Eagle Market was selling, in addition to numerous other products, non-prescription (over-the-counter) drugs. Slaton's Pharmacy, which had been in operation at that location for over twenty years, filled, dispensed, and sold prescription medications and also sold non-prescription drugs.

In 1980, the Giant Eagle Market opened a pharmacy department within its storeroom for the purpose of selling

prescription medications. Prior to the opening of this pharmacy department, appellant notified appellees that, in his opinion, the sale of prescription drugs by Giant Eagle Market would constitute a breach of their September 27, 1971, lease, specifically, the clause providing that:

"During the term of this Lease, or any renewal thereof, the Tenant shall have the exclusive right to conduct the business of Drug Store in the said Shopping Center. It is understood, however, that this Shopping Center contains a large storeroom presently occupied by Giant Eagle Market and that any sale of drugs by said Giant Eagle Market shall in no way conflict with the provisions of this paragraph."

Appellees, upon receipt of this notice, did nothing to inhibit the opening of the Giant Eagle pharmacy department. Appellant then filed a complaint in equity seeking judicial enforcement of the above quoted restrictive provision. Preliminary objections in the nature of a demurrer were filed by appellees. The lower court entered an order sustaining the demurrer and dismissing appellant's complaint. This direct appeal followed.

On appeal, appellant's sole contention is that the language of the September 27, 1971, lease gave him the unqualified right to be the sole seller of prescription drugs in appellees' shopping center and, therefore, the lower court erred in sustaining the demurrer. More specifically, appellant contends that the lower court abused its discretion in sustaining appellees' demurrer because it refused to consider extrinsic evidence to ascertain the parties' intent at the date of execution, and construed the lease provisions against appellant and in favor of the lessors-draftors of the lease. (Brief for Appellant at 9, 14). We disagree.

First, with regard to appellant's proffered interpretation of the crucial lease provision, we are guided by the following well-stated principles:

It is a general rule of contract interpretation that the intention of the parties at the time the contract is entered

into governs: *Heidt v. Aughenbaugh Coal Co.*, 406 Pa. 188, 176 A.2d 400 (1962). This same rule also holds true in the interpretation of restrictive covenants: *Baederwood, Inc. v. Moyer*, 370 Pa. 35, 87 A.2d 246 (1952), and *McCandless v. Burns*, 377 Pa. 18, 104 A.2d 123 (1954). However, in Pennsylvania, there is an important difference in the rule of interpretation as applied to restrictive covenants on the use of land. It is this. Land use restrictions are not favored in the law, are strictly construed, and nothing will be deemed a violation of such a restriction that is not in plain disregard of its express words . . . .

*Great Atlantic and Pacific Tea Co., Inc. v. Bailey*, 421 Pa. 540, 544, 220 A.2d 1, 2–3 (1966) (citations omitted).

■ It follows then, that in order for appellant to prevail, the restrictive covenant involved herein must by its *expressed terms* clearly indicate that the parties intended to preclude Giant Eagle Market from selling prescription medications. *See Great Atlantic and Pacific Tea Co., Inc. v. Bailey, supra.* Our reading of the covenant admits of no such restriction. Rather, appellant's "exclusive right to conduct the business of Drugstore" is clearly and unequivocally subject to Giant Eagle Market's right to make "any sale of drugs."

Appellant nevertheless contends that the proviso granting Giant Eagle Market the right to make any sale of drugs was *intended* by the parties to permit the sale of *only non-prescription* drugs. In this connection, appellant argues that because Giant Eagle Market has sold only *non-prescription* drugs from the date the lease was executed, the lower court abused its discretion in refusing to consider parol evidence to ascertain the intention of the parties.

■ Again, we note that "nothing will be deemed a violation of [a restrictive covenant] that is not in plain disregard of its express words." *Jones v. Park Lane for Convalescents*, 384 Pa. 268, 272, 120 A.2d 535, 537 (1956). Moreover,

this court cannot enlarge a restriction by implication for the restriction must be construed most strictly against the one asserting rights under it. *Great Atlantic and Pacific Tea Co., Inc. v. Bailey*, 421 Pa. at 545, 220 A.2d at 3.

Instantly, we cannot conclude that the sale of prescription medications by Giant Eagle Market is in plain disregard of the restrictive covenant since the express language of the covenant excludes "any sale of drugs" by Giant Eagle Market. Likewise, in construing the restriction most strictly against appellant, *see Jones v. Park Lane for Convalescents, supra,* we are not persuaded that the word "drugs" as applied to Giant Eagle Market means only non-prescription drugs. To adopt this construction would require us to ignore the express terms of the covenant and enlarge the restriction by re-writing its terms. This we will not do. *See Kleintop v. Kleintop,* 291 Pa.Super. 491, 495, 436 A.2d 223, 225 (1981) ("a court must construe [a] contract only as written and may not modify the plain meaning of the words under the guise of interpretation").

Accordingly, the lower court properly barred appellant's attempt to create an ambiguity by parol evidence. When, as in the instant case, a covenant is unambiguous on its face and is not reasonably capable of two different interpretations, inquiry beyond the four corners of the instrument in order to ascertain the parties' intent is prohibited. *See National Cash Register Co. v. Modern Transfer Co., Inc.,* 224 Pa.Super. 138, 143–45, 302 A.2d 486, 489 (1973) (parol evidence rule bars effort by party to create ambiguity by parol evidence where agreement is not ambiguous on its face).

Our interpretation of the restrictive covenant reveals that appellant is precluded from recovery. Accordingly, the lower court properly sustained appellees' preliminary objections in the nature of a demurrer.

Order affirmed.