**POCONO SUMMIT REALTY, LLC and Mt. Pocono Realty Partners, L.P.,**
Appellants

v.

**AHMAD AMER, LLC, Appellee.**

Superior Court of Pennsylvania.

Argued March 28, 2012.
Filed June 22, 2012.

Michael P. Coughlin, Blue Bell, for appellants.

Heather C. Giordanella, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., ALLEN, J., and OLSON, J.

OPINION BY STEVENS, P.J.

This is an appeal from the Order of the Court of Common Pleas of Monroe County, which entered a declaratory judgment in favor of Defendant/Appellee Mt. Pocono Retail, LLC, formerly known as Ahmad Amer, LLC, ("Amer")[1] and against Plaintiffs/Appellants Pocono Summit Realty, LLC and Mt. Pocono Realty Partners, L.P. ("PSR") on PSR's action to quiet title and seek declaratory relief regarding the interpretation of a restrictive covenant encumbering real estate owned by PSR. Specifically, the court ruled that a restrictive covenant providing that no part of the real property in question may be used in the operation of a grocery store prohibited PSR from using the property as a parking lot and storm water control for a grocery store situated on an adjoining lot. By interpreting the clause "operation of a . . . grocery store" to include such uses, PSR contends, the court contravened established precedent disfavoring restrictive covenants on the use of land and requiring courts to limit the reach of such covenants to their express terms. After careful review, we affirm.

The lower court's Opinion of July 6, 2011 provides an apt factual and procedural history of the matter as follows:

Plaintiffs commenced this action by filing a Complaint on January 24, 2011, seeking a declaration interpreting Plaintiff's rights under a land use restriction encumbering Plaintiff Pocono Summit ("PSR") property. Defendant filed an Answer to the Complaint with New Matter on February 16, 2011. Plaintiffs filed a Motion for Judgment on the Pleadings on March 18, 2011, and Defendant filed its response to Plaintiff's Motion on April 6, 2011. All parties have filed briefs and oral argument was heard before the Court on May 2, 2011.

Reviewing the record in the light most favorable to Defendant, the non-moving party, the relevant facts in this case follow. Plaintiff Pocono Summit Realty ("PSR") currently owns approximately 12.35 acres of property located on Pocono Summit Road (State Route 940) in the Borough of Mount Pocono (hereinafter the "PSR Property"). Defendant [Amer] owns approximately 21.386 acres of property contiguous with, and adjacent to, the PSR property on Pocono Summit Road (SR 940) in Mount Pocono (hereinafter the "Amer Property").

The PSR Property and Amer Property were formerly one parcel owned by Montovision Realty, Inc. The large parcel was subdivided to create what are now known as the PSR property and the Amer Property pursuant to a "Minor Subdivision of Lands" plan recorded on August 25, 1989 in Map Book 61, Page 347.[ ] The subdivision plan designates the Amer Property as Lot 1 and the PSR Property as Lot 2.

On August 30, 1989, Montovision Realty, Inc. conveyed the Amer Property to Mount Pocono Retail Associates, L.P., Defendant's predecessor in title. At the time of such conveyance, Montovision recorded a "Declaration of Covenants" dated August 30, 1989 and recorded in Book 1698, Page 1798. The Declaration contains several restrictive covenants including the following restriction (the "Restriction"):

1. No part of Lot 2 will be used for the operation of a discount department store (e.g., such as a K Mart,

---

1. For the sake of remaining consistent with nomenclature used throughout the certified record, the caption to this matter, and party submissions to this Court, we shall refer to Defendant/Appellee by its former name of Ahmad Amer, LLC where appropriate.

Ames or a Jamesway) or grocery store.

2. The foregoing restriction shall continue for the maximum period permitted under Pennsylvania law unless, prior to the expiration of such period, the Owner of Lot 1 agrees in writing to the termination of such restriction.

3. The restriction contained herein is a covenant running with the land.

On June 3, 1998, Defendant acquired title to the Amer Property from Mount Pocono Retail Associates, L.P. by deed dated June 3, 1998, and recorded on June 9, 1998 in Book 0249, Page 2608. The Amer Property is developed with a shopping center. On January 11, 2006, Defendant agreed to modify the Restriction to clarify that a Convenience Store is not a "grocery store" as referred to in the Restriction and is not prohibited on the PSR Property.

On September 20, 2006, PSR acquired the PSR Property from Six Eleven Development Corp., by deed dated September 20, 2006 and recorded on October 31, 2006 in the Monroe County Recorder of Deeds Office, Book 2286, Page 553. PSR intends to develop the PSR Property with a shopping center comprised of a series of retail stores and an affiliated parking lot. On September 29, 2006, PSR entered into a Ground Lease with Plaintiff Mount Pocono Realty Partners ("MPRP"), whereby MPRP agreed to lease the PSR Property from PSR for a period of twenty years under and subject to the Restriction. PSR and MPRP are also the equitable owners of a 1.377 acre parcel of property, formerly Lot 211 on plat of lots "The Fells" Coolbaugh Township, adjoining the PSR Property (hereinafter "Adjoining Property"). MPRP acquired said property by Agreement of Sale dated December 7, 2010, and recorded in Book 2381, Page 3156.

PSR and MPRP seek to develop the Adjoining Property with a supermarket or grocery store. The Adjoining Property is not encumbered by the Restriction and the proposed supermarket will be located entirely on the Adjoining Property. However, as part of the development of the proposed supermarket, PSR and MPRP intend to enter into a "shared parking" agreement whereby PSR and MPRP may use a portion of the parking lot on the PSR Propety to satisfy the parking requirements for the development of the proposed supermarket. PSR and MPRP also anticipate that all or a portion of the utilities and storm water management facilities servicing the proposed supermarket may be located on the PSR Property.

Defendant [Amer] contends that the use of any portion of the PSR Property to satisfy any parking requirements of a grocery store or to provide any utilities and/or storm water management facilities for a grocery store is prohibited under the Declaration. PSR and MPRP, collectively, support the position that such use would not violate the Restriction.

Plaintiffs filed a Complaint for (1) quiet title and (2) a declaratory judgment, seeking a declaration that their proposed use of the PSR Property would not constitute a violation of the Restriction. Plaintiffs then filed [a] Motion for Judgment on the Pleadings arguing that the plain language of the Restriction does not restrict or prevent the proposed use of the PSR Property. As such, Plaintiffs argue[d] they [were] entitled to judgment on the pleadings because the parties admit[ted] the existence of a dispute regarding the interpretation of the Restriction. [The court, however, concluded that the proposed

use violated the Restriction, as the proposed parking lot was a requisite part of the operation of the grocery store in question.]

Lower Court Opinion dated 7/6/11 at 1–6.

On the same day, the court filed an order entering judgment in favor of Appellee/Defendant Mt. Pocono Retail, LLC, formerly known as Ahmad Amer, LLC, and against Appellants/Plaintiffs Pocono Summit Realty, LLC and Mt. Pocono Realty Partners, L.P. The court further ordered that a declaratory judgment was entered ordering that the PSR Property shall not be used to fulfill parking and/or utility requirements for the operation of a grocery store located on adjoining property consistent with the Restriction.

Herein, Appellants raise the following issue for our review:

AS A MATTER OF LAW, DOES A RESTRICTIVE COVENANT PROHIBITING THE "OPERATION" OF A "GROCERY STORE" ON APPELLANT'S RESTRICTED PROPERTY PRECLUDE APPELLANTS FROM (1) CONSTRUCTING A PARKING LOT ON THE RESTRICTED PROPERTY WHICH WOULD SERVICE THE RESTRICTED PROPERTY AND A PROPOSED SUPERMARKET TO BE LOCATED ENTIRELY ON AN ADJOINING UNRESTRICTED PROPERTY, AND (2) INSTALLING UTILITIES ON THE RESTRICTED PROPERTY TO SERVICE THE PROPOSED SUPERMARKET, WHERE THE EXPRESS TERMS OF THE RESTRICTIVE COVENANT GO NO FURTHER THAN PROHIBITING THE "OPERATION" OF A "GROCERY STORE" AND WHERE SUCH RESTRICTIVE COVENANTS ARE DISFAVORED UNDER THE LAW AND ARE TO BE STRICTLY CONSTRUED?

Brief for Appellants at 4.

 Our review of a trial court's disposition of a declaratory judgment is governed by the following standard of review:

Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence.

*State Automobile Mut. Ins. Co. v. Christie,* 802 A.2d 625, 627–628 (Pa.Super.2002) (citations and quotations omitted). Additionally,

[w]e will review the decision of the lower court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence. The application of the law, however, is always subject to our review.

*O'Brien v. Nationwide Mut. Ins. Co.,* 455 Pa.Super. 568, 689 A.2d 254, 257 (Pa.Super.1997) (citation omitted).

*Commerce Bank/Harrisburg, N.A. v. Kessler,* 46 A.3d 724, 729 (Pa.Super.2012).

 Our review of the record, party briefs, and the lower court opinion in the case *sub judice* reveals no reason to disturb the judgment entered below. Employing the strict standard governing the interpretation of restrictive covenants—which we need not reproduce herein—the lower court discerned in the proposed use of the PSR property (Lot 2) a "plain disregard" of the Restriction therein that no part of the lot be used in the operation of a grocery store. The record supports the court's determination, for, to comply with governing local ordinances, the operation

of a grocery store as proposed on the adjoining lot would require the parking spaces and storm water management utilities as proposed on the PSR lot (Lot 2). As such, if used as proposed, the PSR lot would be a necessary component in the operation of a grocery store. This Court therefore agrees that a strict yet "common sense" reading of the ordinary language in the Restriction leads to the conclusion that the clause "operation of a . . . grocery store" contemplates parking and other utilities necessary to the store's lawful operation.

Moreover, it is apparent from the record that the initial purpose of applying restrictive covenants to Lot 2 at the time of the 1989 subdivision—i.e., to prevent the use of Lot 2 from competing with the intended department store use of the much larger Lot 1—is still relevant to Appellee's investment in Lot 1. As such, the apparent object or purpose of the parties further militates in favor of the decision arrived at by the lower court.

We likewise find the restrictive covenant in *Siciliano v. Misler*, 399 Pa. 406, 160 A.2d 422 (1960), upon which Appellants rely, distinguishable. Contrary to Appellants' contention, the restriction in *Siciliano* was not more restrictive than the Restriction presently at issue; it was merely more descriptive in defining the restriction as it related to use of the land as a parking lot. Indeed, the Pennsylvania Supreme Court interpreted this additional language to limit the scope of the parking restriction to include only those instances where proposed parking was for "such a store" as described earlier in the covenant, namely, a store situated on the lot. In stark contrast, the present Restriction broadly states that "no part of the lot shall be used

in the operation of a grocery store," without specific reference to where the grocery store itself is situated. We thus concur with the lower court's analysis distinguishing *Siciliano*.

For the foregoing reasons, we adopt the cogent and comprehensive opinion authored by the Honorable Jennifer Harlacher Sibum in disposing of Appellants' appeal.

Order is affirmed.

### Appendix

COURT OF COMMON PLEAS OF MONROE COUNTY FORTY-THIRD JUDICIAL DISTRICT COMMONWEALTH OF PENNSYLVANIA

POCONO SUMMIT REALTY, LLC., and MT. POCONO REALTY PARTNERS, L.P., Plaintiffs

vs.

AHMAD AMER, LLC, Defendant

No. 607 CV 2011

**MOTION FOR JUDGMENT ON THE PLEADINGS**

### *OPINION*

This matter comes before the Court on Plaintiffs' Motion for Judgment on the Pleadings. Plaintiffs commenced this action by filing a Complaint on January 24, 2011, seeking a declaration interpreting Plaintiffs' rights under a land use restriction encumbering Plaintiff Pocono Summit Realty's ("PSR") property. Defendant[1] filed an Answer to the Complaint with New Matter on February 16, 2011. Plaintiffs filed a Motion for Judgment on the

---

1. Defendant, in its Answer, alleges that Defendant is now known as Mt. Pocono Retail, LLC.

Pleadings on March 18, 2011, and Defendant filed its response to Plaintiffs Motion on April 6, 2011. All parties have filed briefs and oral argument was heard before the Court on May 2, 2011. We are now prepared to decide this matter.

### DISCUSSION

■ Pennsylvania Rule of Civil Procedure 1034(a) states that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. § 1034(a). "The motion for judgment on the pleadings is in effect a demurrer and, in considering the motion, the court should be guided by the same principles as would be applicable if it were disposing of a preliminary objection in the nature of a demurrer." *Bykowski v. Chesed, Co.*, 425 Pa.Super. 595, 625 A.2d 1256, 1258 (1993). Judgment on the pleadings may be entered where there are no disputed issues of fact and the moving-party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Company*, 407 Pa.Super. 68, 595 A.2d 128, 129 (1991).

■■ In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings and Loan Association*, 310 Pa.Super. 537, 456 A.2d 1066, 1069 (1983). The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *McAllister v. Millville*

*Mutual Insurance Co.*, 433 Pa.Super. 330, 640 A.2d 1283, 1285 (1994). All averments of fact properly pleaded in the adverse party's pleadings, and every reasonable inference that the Court can draw therefrom, must be taken as true, or as admitted, *unless their falsity is apparent from the record.* *Bykowski*, 625 A.2d at 1258 (emphasis in original). "Averments of fact which are material and relevant are accepted as true even though denied." *Id.*

Reviewing the record in the light most favorable to Defendant, the non-moving party, the relevant facts in this case follow. Plaintiff Pocono Summit Realty ("PSR") currently owns approximately 12.35 acres of property located on Pocono Summit Road (State Route 940) in the Borough of Mount Pocono (hereinafter the "PSR Property"). Defendant owns approximately 21.386 acres of property contiguous with, and adjacent to, the PSR property on Pocono Summit Road (SR 940) in Mount Pocono (hereinafter the "Amer Property").

The PSR Property and Amer Property were formerly one parcel owned by Montovision Realty, Inc. The large parcel was subdivided to create what are now known as the PSR Property and the Amer Property pursuant to a "Minor Subdivision of Lands" plan recorded on August 25, 1989 in Map Book 61, Page 347[2]. The subdivision plan designates the Amer Property as Lot 1 and the PSR Property as Lot 2.

On August 30, 1989, Montovision Realty, Inc. conveyed the Amer Property to Mount Pocono Retail Associates, L.P., Defendant's predecessor in title. At the time of such conveyance, Montovision recorded a "Declaration of Covenants" dated August

---

2. The Court takes Judicial Notice of the "Minor Subdivision of Lands" plan and its current revision recorded in Book 73, Page 34, which Plaintiffs have referenced yet failed to attach to their pleadings. Since a motion for judgment on the pleadings is equivalent to a demurrer, in considering it, the court is guided by the same principles applicable for disposing of a preliminary objection in the nature of a demurrer. *Bykowski*, 625 A.2d at 1258. "As such, the court has the right to take judicial notice of public documents." *Id.*

30, 1989 and recorded in Book 1698, Page 1798. The Declaration contains several restrictive covenants including the following restriction (the "Restriction"):

1. No part of Lot 2 will be used for the operation of a discount department store (e.g., such as a K Mart, Ames or a Jamesway) or grocery store.

2. The foregoing restriction shall continue for the maximum period permitted under Pennsylvania law

unless, prior to the expiration of such period, the Owner of Lot 1 agrees in writing to the termination of such restriction.

3. The restriction contained herein is a covenant running with the land.

On June 3, 1998, Defendant acquired title to the Amer Property from Mount Pocono Retail Associates, L.P. by deed dated June 3, 1998, and recorded on June 9, 1998 in Book 2049, Page 2608. The Amer Property is developed with a shopping center. On January 11, 2006, Defendant agreed to modify the Restriction to clarify that a Convenience Store is not a "grocery store" as referred to in the Restriction and is not prohibited on the PSR Property.

On September 20, 2006, PSR acquired the PSR Property from Six Eleven Development Corp., by deed dated September 20, 2006 and recorded on October 31, 2006 in the Monroe County Recorder of Deeds Office, Book 2286, Page 553. PSR intends to develop the PSR Property with a shopping center comprised of a series of retail stores and an affiliated parking lot. On September 29, 2006, PSR entered into a Ground Lease with Plaintiff Mount Pocono Realty Partners ("MPRP"), whereby MPRP agreed to lease the PSR Property from PSR for a period of twenty years under and subject to the Restriction. PSR

and MPRP are also the equitable owners of a 1.377 acre parcel of property, formerly Lot 211 on plat of lots "The Fells" Coolbaugh Township, adjoining the PSR Property (hereinafter "Adjoining Property"). MPRP acquired said property by Agreement of Sale dated December 7, 2010, and recorded in Book 2381, Page 3156.

PSR and MPRP seek to develop the Adjoining Property with a supermarket or grocery store. The Adjoining Property is not encumbered by the Restriction and the proposed supermarket will be located entirely on the Adjoining Property. However, as part of the development of the proposed supermarket, PSR and MPRP intend to enter into a "shared parking" agreement whereby PSR and MPRP may use a portion of the parking lot on the PSR Property to satisfy the parking requirements for the development of the proposed supermarket. PSR and MPRP also anticipate that all or a portion of the utilities and storm water management facilities servicing the proposed supermarket may be located on the PSR Property.

Defendant contends that the use of any portion of the PSR Property to satisfy any parking requirements of a grocery store or to provide any utilities and/or storm water management facilities for a grocery store is prohibited under the Declaration. PSR and MPRP, collectively, support the position that such use would not violate the Restriction.

Plaintiffs filed a Complaint for (1) quiet title and (2) a declaratory judgment, seeking a declaration that their proposed use of the PSR Property would not constitute a violation of the Restriction. Plaintiffs then filed the present Motion for Judgment on the Pleadings arguing that the plain language of the Restriction does not restrict or prevent the proposed use of the PSR Property. As such, Plaintiffs argue they are entitled to judgment on the pleadings

because the parties admit the existence of a dispute regarding the interpretation of the Restriction, which is a question of law and ripe for review. For the reasons that follow, *we* find that the proposed use violates the Restriction. Plaintiffs' Motion for Judgment on the Pleadings will be denied.

The interpretation of any contract is a question of law for the Court. *Currid v. Meeting House Restaurant Inc.,* 869 A.2d 516, 519 (Pa.Super.2005). As a general rule of contract interpretation, the intention of the parties at the time the contract is entered into governs. *Baumgardner v. Stuckey,* 735 A.2d 1272, 1274 (Pa.Super.1999). The same is true in interpreting restrictive covenants. *Id.* However, there is an important difference in the rule of interpretation as applied to restrictive covenants on the use of land. *Id.* Restrictive covenants are limitations on a person's "free and unconstrained use of property." *Richman v. Mosites,* 704 A.2d 655, 657 (Pa.Super.1997). They are not favored by the law, yet they are legally enforceable. *Logston v. Penndale, Inc.,* 394 Pa.Super. 393, 576 A.2d 59, 62 (1990). As such, they are to be strictly construed against persons seeking to enforce them and in favor of the free and unrestricted use of property. *Baumgardner,* 735 A.2d at 1274.

As a matter of law, nothing short of a "plain disregard" of the restrictive covenant's express terms can create violation of the covenant. *See Baumgardner v. Stuckey,* 735 A.2d 1272, 1274 (Pa.Super.1999). *See also Great A. & P. Tea Co. v. Bailey,* 421 Pa. 540, 220 A.2d 1, 2 (1966). In deciding whether there has been a "plain disregard" of a restrictive covenant, the Court must rely upon the ordinary meaning of the language used in the covenant to ascertain the parties' intent, and

cannot enlarge by implication a restraint on the use of land. *Berger v. Ackerman,* 293 Pa.Super. 457, 439 A.2d 200, 203 (1981).

"In order to ascertain the intentions of the parties, restrictive covenants must be construed in light of: (1) their language; (2) the nature of their subject matter; (3) the apparent object or purpose of the parties; and (4) the circumstances or conditions surrounding their execution." *Vernon Township,* 855 A.2d at 879. Pennsylvania Courts will "enforce a restriction if a party's actions are in clear defiance of the provisions imposed by the covenant." *Vernon Township Volunteer Fire Department, Inc. v. Connor,* 579 Pa. 364, 855 A.2d 873, 879 (2004). The Courts will also "enforce a restrictive covenant where it is established that the restriction is still of substantial value to the owners of the restricted tract." *Id.* at 879–80.

When the restrictive covenant is unambiguous, the Court's review is limited to the confines of the covenant, *See Richman,* 704 A.2d at 658 (holding "[T]he court need not stray beyond the confines of the restriction to find its meaning. If restrictions are not ambiguous, the intent of the parties should be gained from the writing itself.") However, when ambiguity exists, every doubt and ambiguity in a restrictive covenant's language will be resolved in favor of the owner. *Jones v. Park Lane for Convalescents,* 384 Pa. 268, 120 A.2d 535, 537–38 (1956).

With these guidelines, we will address the issue of whether Plaintiffs' proposed use of the PSR Property for shared parking and housing of utilities violates the Restriction. Specifically, Plaintiffs seek a declaration that their proposed use of the PSR Property for shared parking and the installation of utilities and stormwater facilities designed to service a grocery store located on an adjoining, unencumbered

parcel of property does not violate the terms of the Restriction designed to prohibit the "operation" of a grocery store on the PSR Property. Defendant, on the other hand, argues that the proposed uses by Plaintiffs would be essential parts of the operation of the supermarket on the adjoining property and, therefore,' are in direct violation of the Restriction.

In this case, the plain language of the Restriction precludes the "operation of" a discount department store or grocery store on the PSR Property. The term "operation" has several dictionary definitions, as argued by the parties, including "a business transaction especially when speculative" or "a usually small business or establishment." However, taking a common sense approach, "operation of" a grocery store, in everyday vernacular, means to conduct the business of running a grocery store. All integral components, from the butcher, to the cashiers, to a parking lot, are all required to operate, run, or conduct the business of a functioning grocery store for the convenience of its patrons. Without any one component, especially a parking lot which is required by ordinance, one would not be able to operate the proposed grocery store. When read in its entirety, the Restriction does not include any language suggesting that it prohibits only the addition of grocery store buildings to the land. Rather, it encompasses the use of any part of the land for operating a grocery store regardless of whether the structure of such grocery store is located on the PSR Property or elsewhere.

As the case law in Pennsylvania is scant on this issue, Plaintiffs argue that the case most analogous to this case is *Siciliano v. Misler*, 399 Pa. 406, 160 A.2d 422 (1960). In *Siciliano*, a property was subject to the following restriction:

No part of the premises hereinafter described shall at any time hereafter be used for the operation of, occupied by, or have constructed thereon a store or market of the kind character usually and customarily maintained and designated as a supermarket for the sale, at retail to the public, of raw or processed food products which are not consumed on the premises, or the parking of motor vehicles for the convenience of the patrons of *such a* store or market.

*Siciliano*, 160 A.2d at 423 (emphasis added). In that case, the defendants acquired and constructed a supermarket upon an adjoining property which was not subject to the restriction. *Id.* The restricted property was then used for parking for patrons of the supermarket on the unrestricted property. *Id.* Plaintiffs, who were intended to benefit from the restriction, brought an action averring that use of the restricted property for parking violated the restriction. *Id.* The Trial Court upheld the restriction against the defendants and enjoined them from allowing their market patrons to park on their restricted property. *Id.*

On appeal, our Supreme Court reversed the Trial Court's decision. The Court noted that the critical part of the restriction is the words "such a." *Id.* at 424. "Plaintiff appellees contend that these words refer to a market on or off restricted land, their point being that restricted land may not offer parking service to any market wherever located." *Id.* Defendant appellants argued that the restriction cannot operate beyond the restricted property and that the words in question restrict market-with-parking only when both elements are located on the restricted property. *Id.* The Supreme Court noted that both views were "plausible." *Id.*

However, construing the restriction most strictly against the plaintiffs, the

Court held that "when [the restriction] says 'no part of the premises shall be used for a store or market', it refers to a store on the premises subject to the restrictions and not elsewhere. Then, when it mentions parking, it refers to 'such a store or market', that is, one that would be banned from the restricted premises." *Id.*

The Court construed the restriction as applying only when *both* a market *and* parking were constructed on the restricted property. *Id.* As explained by the Court, "because both are mentioned as a unit," treating them separately would be "in defiance of the words of the restriction." *Id.* Thus, the Court held that "since the store and the parking lot that serves it are not both on restricted land, the restriction does not apply to the parking lot alone." *Id.* at 425. The Court stated that "to hold otherwise would be an unwarranted extension of the restriction." *Id.*

In our case, Plaintiffs argue that *Siciliano* is controlling in this case and that we are bound by the Supreme Court's decision. Although binding upon this court, our case is clearly distinguishable for the facts of and the Restriction in *Siciliano.* In *Siciliano,* the restriction only barred the location of a market and parking lot together on the restricted land. The Restriction on the PSR Property, on the other hand, contains no such distinction. Rather, the Restriction provides that "no part" of the PSR Property may be used for the "operation of" a grocery store. As the Restriction is clearly distinguishable from the one in *Siciliano,* the same reasons for allowing the parking lot on the restricted land do not apply to our case. The plain language of our Restriction clearly prohibits it.

Thus, the words "operation of" as used in the Restriction are clear and unambiguous. We are not making the Restriction any more restrictive than it is by employing its plain, common meaning. As our review is limited to the confines of the covenant, we need not stray beyond the plain meaning of the Restriction to find its meaning. As gained from the Restriction itself, the parties' intent was that no part of the PSR Property would be used for the operation of a grocery store in favor of the Amer Property. Since there is no record of Defendant, as Owner of the Amer Property, agreeing in writing to the termination of such restriction as provided in paragraph 2 of the above cited Restriction, we conclude that Defendant's intent is to keep the Restriction in full force and effect.

When considered in conjunction with Defendant's objective and the circumstances at the time that the Declaration was negotiated, it is evident that this interpretation is proper and does not require the Court to "enlarge by implication" the terms of the Restriction. At the time Defendant acquired title to the Amer Property, Defendant's predecessor in title had previously entered into the Declaration, and Defendant agreed to purchase the Amer Property knowing of the Restriction on the adjoining PSR Property. The obvious purpose of the Restriction was to regulate use of the restricted PSR Property in any way for the operation of a competing grocery store. Because the Restriction was intended for this purpose, Plaintiffs cannot use the PSR Property to meet parking requirements and to provide utilities and storm water management facilities for the operation of a supermarket on adjoining property.

In relying on the facts of record and the unambiguous, ordinary meaning of the language of the Restriction, the proposed use of the PSR Property for parking and utilities is a "plain disregard" of the Restriction's express terms. As such, we will not disturb the Restriction.

Accordingly, we enter the following Order.

