J-A31001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BERKSHIRE COMMONS III, ASSOCIATION, INC., BERKSHIRE COMMONS ASSOCIATION, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| BERKS ORAL SURGERY, LTD., | |
| Appellant | No. 644 MDA 2014 |

Appeal from the Order Entered March 14, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 12-23946

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 09, 2014**

Berks Oral Surgery, Ltd. ("Berks") appeals from the grant of a permanent injunction in favor of Berkshire Commons III, Association Inc., and Berkshire Commons Association, Inc. (collectively "Berkshire").[1]  We affirm.

This dispute arose after the installation of bright-orange signs by Berks in a corporate campus consisting of various businesses.  Berkshire brought suit seeking injunctive relief and complaining that the signs violated a protective restrictive covenant to which the parties are subject.  The entire

---

[1] Pursuant to Pa.R.A.P. 311(a)(4), an order granting an injunction is an interlocutory order appealable as of right.

agreement is recorded in the Berks County Recorder of Deeds, and the covenant provided in pertinent part,

> All signs shall be of the size and nature that will preserve the quality and atmosphere of the park and conform with applicable local zoning ordinances.
>
> Signs attached to a building shall not project above the building's highest roof line nor shall the rear side of any sign be visible. Ground level signs shall be low, compatible with the site and blended with the landscaping.
>
> No sign of a flashing or moving character nor an exposed neon light will be permitted within the Park.
>
> Only signs presenting the owner's or tenant's name or trademark will be allowed. Directional signs designating ingress or egress and parking and loading areas shall be permitted subject to the Manager's approval.
>
> The Manager shall approve the size, color and material from which signs are to be constructed and placement of all signs and reserves the right to require all signage throughout the Park to be of similar materials and design.

Instrument Establishing Protective Covenants for Berkshire Corporate Campus, at 6.

The covenant defined the term "Manager;" however, there was no dispute that no manager existed when Berks installed its signage. Berkshire averred that the color of the signs violated the covenant. The testimony at trial revealed that the signs of the other business entities in the park were green or bronze and smaller than Berks' new signs. Several of Berks' new signs also were backlit to illuminate at night in a tangerine color. Berks did not seek permission from other tenants or property owners to install the

signs. Following trial, where a representative for both Berkshire and Berks testified, the trial court ruled in favor of Berkshire.

Thereafter, judgment was entered and this timely appeal ensued. The trial court directed Berks to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Berks complied, and the trial court authored its Rule 1925(a) opinion. The matter is now ready for this Court's review. Berks presents three issues for our consideration.

> A. Did the decision and verdict of the trial court holding that Appellant, Berks Oral Surgery Ltd.'s signs violated the protective covenants constitute an abuse of discretion or error of law where Pennsylvania law requires that restrictive covenants be strictly construed against the party seeking enforcement and by not resolving every doubt and ambiguity in favor of the free nonrestricted use of real property?
>
> B. Was the decision and verdict of the trial court requiring that any replacement signs shall be submitted to plaintiff's representatives for approval, an abuse of discretion or error of law when the protective covenants provide that the signs shall be submitted to the manager of the Berkshire corporate campus?
>
> C. Was the decision and verdict of the trial court entering judgment in favor of Berkshire Commons III Association, Inc. and Ber[k]shire Commons Association, Inc., an abuse of discretion or error of law when neither corporation provided a resolution authorizing the filing of this action and Berkshire Commons Association, Inc. did not present any evidence.

Appellant's brief at 4.

A permanent injunction may only be awarded where the party seeking the injunction establishes a clear right to relief. *Buffalo Tp. v. Jones*, 813 A.2d 659, 663 (Pa. 2002). "However, unlike a claim for a preliminary

- 3 -

injunction, the party need not establish either irreparable harm or immediate relief and a court 'may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law.'" *Id*. Our standard of review when reviewing the grant or denial of a permanent injunction is *de novo* and our scope of review is plenary. *Id*. at 664 n.4.

Berks' initial claim is that the trial court erred in finding that its sign violated the protective covenant by failing to construe the covenant against the parties seeking enforcement and not resolving any ambiguities in Berks' favor. It maintains that Berkshire did not allege that the size of Berks' signs was problematic, but focused on their color. Berks further submits that the protective covenant does not prohibit any specific color and another tenant has orange on its signs. It continues that restrictive covenants are to be strictly construed and it did not violate any specific provision because the color of the signs is not expressly covered by the covenant. In addition, Berks notes that its signs do not protrude above the roof line of its building, nor is it flashing, moving or neon. Lastly, it asserts that because there is no manager, it was not required to submit the size, color, and material of its signs for approval.

Berkshire responds that the restrictive covenant herein is enforceable, and that it is to be construed by looking to the subject matter, intent, and purpose of the parties. It contends that as a professional office campus, it is impermissible for Berks to place signs in the campus that are larger than the

signs of "other tenants, obnoxious in color and located over top of the entrance sign." Appellees' brief at 5.

Instantly, we find no error of law. The interpretation of a restrictive covenant focuses on the intention of the parties at the time the agreement is entered. *Pocono Summit Realty, LLC v. Ahmad Amer, LLC*, 52 A.3d 261, 269 (Pa.Super. 2012). Where the restrictive covenant applies to the use of land, as here, it is not favored but is legally enforceable. Such covenants are strictly construed in favor of the free and unrestricted use of property and against the party seeking to enforce the covenant. *Id*.

"As a matter of law, nothing short of a 'plain disregard' of the restrictive covenant's express terms can create violation of the covenant." *Id*. To determine if a covenant has been plainly disregarded, we rely on the ordinary meaning of the words used in the covenant to determine the parties' intent. *Id*. We do not enlarge a restraint by implication. *Id*.

In conducting this analysis, we construe the covenant "in light of: (1) their language; (2) the nature of their subject matter; (3) the apparent object or purpose of the parties; and (4) the circumstances or conditions surrounding their execution." *Id*.

While the restrictive covenant does not preclude a specific color for signs, it does mandate that signs be of the same nature as the other signs in the park. Berks' signs are not uniform with the existing business signs. Insofar as one other business has a small amount of orange on its signs,

- 5 -

Berks is still not entitled to relief. The entire background color of Berks signs is tangerine orange, which is illuminated at night. These facts alone strongly distinguish Berks' signs from the remaining signs in the campus. The purpose behind the sign covenant was to maintain consistency among the signs in the campus. Berks' signs plainly violate that purpose.

In Berks second issue, it argues that because the trial court directed it to submit signs for approval by the representatives of Berkshire, it is placing a "veto power over any signs which Berks erects in the future." Appellant's brief at 15. According to Berks, the trial court has rewritten the protective covenant by not requiring a manager to approve the signs.

The only citation to authority by Berks pertains to the boilerplate law that restrictive covenants are not favored. Thus, it has failed to show that it is entitled to relief. Moreover, we disagree that the absence of a manager voids the remaining provisions of the restrictive covenant and allows any entity in the campus to install whatever sign it wishes. The trial court's direction that Berks' signs be approved by Berkshire in the absence of a manager does not impermissibly rewrite the covenant. The covenant provides that all signs should be of the nature and size that preserve the quality of the park and limits signs in other manners. Under Berks' theory, they could install large flashing neon signs above their roof because no manager exists. This interpretation is untenable.

Berks' final argument is that because Berkshire did not pass a resolution authorizing it to file a lawsuit, the two corporations were not authorized to file suit. This position is devoid of any citation to law and is both waived, *Eichman v. McKeon*, 824 A.2d 305, 319-320 (Pa.Super. 2003), and without any legal merit.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/9/2014</u>