J-A04039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| QUINN BUSECK LEEMHUIS TOOHEY & KROTO INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JODIE D. COOPER AND ROBERT G. COOPER, HUSBAND AND WIFE, | |
| APPEAL OF: JODIE D. COOPER | |
| | No. 503 WDA 2015 |

Appeal from the Order March 3, 2015
In the Court of Common Pleas of Crawford County
Civil Division at No(s): AD 2013-897

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 23, 2016**

Jodie D. Cooper ("Appellant") appeals from the trial court's order entering judgment on the pleadings in favor of Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc. ("Law Firm") for a sum Appellant owed pursuant to a contingent fee agreement.  Appellant contends that the trial court erred in awarding judgment as there remains a question of material fact concerning Law Firm's authority to negotiate a settlement on Appellant's behalf.  After careful review, we affirm.

Because this Court sits in review of the trial court's grant of Law Firm's motion for judgment on the pleadings, all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings

presented by the party against whom the motion is filed are considered as true. ***Gongloff Contracting, L.L.C. v. L. Robert Kimball & Associates, Architects & Engineers, Inc.***, 119 A.3d 1070, 1072 (Pa. Super. 2015) (citing ***Citicorp North America, Inc. v. Thornton***, 707 A.2d 536, 538 (Pa.Super.1998)). The facts as disclosed by those pleadings are summarized as follows.

On April 20, 2012, Appellant and her spouse, Robert Cooper ("Husband"), were involved in a motor vehicle accident.[1] On May 1, 2012, Appellant and Husband retained Law Firm to represent their interests relative to Appellant's bodily injury claim stemming from the motor vehicle accident. In conjunction therewith, Appellant and Husband signed a Contingent Fee Agreement providing, *inter alia*, that if Law Firm secured a settlement "without the necessity of filing a lawsuit," the fee earned by Law Firm was "TWENTY PERCENT (20%) of the gross sum secured." Amended Complaint, 7/2/14, at Exhibit A.

Law Firm pursued the case and sought to reach a settlement from State Farm Insurance for $100,000, representing the limits of the liability insurance under the tortfeasor's policy. Law Firm drafted a demand letter to State Farm dated January 3, 2013. Law Firm alleges that it emailed a copy of the drafted letter to Appellant with the following instruction: "Attached

---

[1] Husband is not a party to this appeal.

- 2 -

please find the draft. Please review and email back any changes/corrections." Amended Complaint, 7/2/14, at Exhibit B. The last paragraph of the drafted demand letter included the following language: "I have conferred with Mr. and Mrs. Cooper and they have authorized me to make a demand for your policy limits which I understand to be at least $100,000." *Id.* Appellant made a few non-substantive changes to the letter and emailed it back to Law Firm. In her return email, Appellant wrote that she made "[a] few changes in red," but that the letter accurately described her injuries. *Id*. at Exhibit C.

State Farm initially refused Law Firm's demand; however, on March 22, 2013, the insurance company agreed to a settlement in the amount of $100,000. Amended Complaint, 7/2/14, at Exhibit G. Law Firm then forwarded a release for the settlement to Appellant for her signature. *Id.* at Exhibit H. Law Firm also procured a waiver of subrogation from Appellant's insurance provider. *Id.* at Exhibit J.

On May 6, 2013, Law Firm received a discharge letter dated May 1, 2013, from Appellant. Amended Complaint, 7/2/14, at Exhibit L. As a result, Law Firm sent attorney lien letters to State Farm and Appellant regarding its contingent fee against the $100,000 settlement. *Id.* at Exhibits M-1, M-2. Appellant did not execute the release or pay Law Firm the $20,000 fee representing twenty percent of the settlement amount.

On July 2, 2014, Law Firm filed a two-count amended complaint against Appellant claiming breach of contract/specific performance and demanding judgment in the amount of $20,000 plus unreimbursed expenses, attorney's fees, interest, and costs of suit in satisfaction of its attorney's lien. Law Firm also demanded that Appellant sign the release and submit it to State Farm. In the alternative, Law Firm alleged breach of contract and demanded judgment of $20,000 plus unreimbursed expenses.

Appellant filed an answer and new matter. Appellant denied that she received a copy of the demand draft letter, but admitted that she sent a return email with a revised copy of that letter. Central to this appeal, Appellant denies that she authorized Law Firm to settle her personal injury claim. In her new matter, Appellant averred that, in the event Law Firm prevails, any award to Law Firm is limited to *quantum meruit* recovery.

On October 21, 2014, Law Firm filed a motion for judgment on the pleadings and, on March 3, 2015, the trial court ruled in its favor.[2] The trial court acknowledged that an attorney must have express authority in order to bind a client to a settlement agreement, ***see Reutzel v. Douglas***, 870 A.2d 787, 789–790 (Pa. 2005) (internal citations omitted), but when it

---

[2] The trial court held oral argument on the motion, but the certified record does not include a transcription of the argument. Additionally, the docket makes no reference to a transcript of the argument being ordered or filed. Neither the trial court nor the parties refer to the substance of the oral argument in their submissions.

reviewed the correspondence between Law Firm and Appellant, it determined that there was no language that would indicate a lack of express authority to settle. Specifically, the trial court reasoned:

> [B]ased on the last paragraph of the January 3, 2013 draft letter that was sent to [Appellant], it was very clear the demand for policy limits was being made with her consent. Otherwise, in making changes to the proposed letter she certainly could have said she did not want it sent rather than making changes to it and providing them to [Law Firm attorney].
>
> The mere fact she now avers in her answer and new matter that she did not consent to the settlement which is contrary to the established facts from the attachments to the complaint does not create a "genuine" issue of fact.

Trial Court Opinion, 3/3/15, at 5. The trial court concluded that Law Firm had and exercised express authority to settle Appellant's claim, and that a settlement in the amount of $100,000 was reached with State Farm, thereby triggering the contingency provision of the agreement between Law Firm and Appellant. The trial court thus granted Law Firm's motion for judgment on the pleadings and awarded Law Firm $20,000 plus unreimbursed expenses.

Appellant raises the following issues on appeal:

I. In granting [Law Firm's] Motion for Judgment on the Pleadings, did the lower Court utilize an inappropriate and erroneous legal standard by analyzing and deciding issues of fact which were disputed by the pleadings filed of record in this matter?

II. In granting [Law Firm's] Motion for Judgment on the Pleadings, did the lower Court erroneously order and direct [Appellant] to sign a Release settling her underlying bodily injury claim for a certain sum when she was not and is not desirous of doing so at this time and when such action on the part of the lower Court constituted an error of law?

- 5 -

Appellant's Brief at 3.

Our standard of review of judgment on the pleadings is well settled. A motion for judgment on the pleadings is similar to that of a demurrer in that it may be entered only when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. ***Rourke v. Pennsylvania National Mutual Casualty Insurance Co***., 116 A.3d 87, 91 (Pa. Super. 2015). Appellate review of an order granting a motion for judgment on the pleadings is plenary, and we apply the same standard employed by the trial court. ***Id***. We will affirm the grant of the motion "only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." ***Gongloff***, 119 A.3d at 1075–1076 (quotation and citation omitted).

Appellant first argues that the trial court's award of judgment of the pleadings was erroneous because there was an outstanding issue of fact, namely, Law Firm's authority to settle with State Farm on her behalf. Appellant asserts that the trial court erroneously decided the disputed issue by drawing inferences and conclusions from documents in the record that should not be considered in adjudicating motions for judgment on the pleadings. Appellant cites three cases in support of her position that the trial court impermissibly inferred from the draft demand letter to State Farm and her response thereto that Appellant authorized the settlement. ***See Aughenbaugh v. North American Refractories Co.***, 231 A.2d 173, 175

(Pa. 1967) (inferences and conclusions drawn from a written instrument in the record should not be considered or accepted as admitted in requests for judgment on the pleadings); *Eberhart v. Nationwide Mutual Insurance Co.*, 362 A.2d 1094, 1097 (Pa. Super. 1976) (same); *Leidy v. Desert Enterprises, Inc.* 381 A.2d 164, 173 (Pa. Super. 1977) (plaintiff's denial of validity of document in new matter precluded entry of judgment on pleadings in defendant's favor).  Appellant also offers that her consistent denial in the pleadings that she authorized Law Firm to settle her case must be considered as true, thereby precluding entry of a favorable judgment for Law Firm.

Law Firm counters that Appellant agreed to the proposed offer to settle and there is no issue of fact remaining as to the validity of the language of the demand letter granting Law Firm express authority to settle Appellant's case and Appellant's approval of the letter.  Law Firm disputes that *Aughenbaugh*, *Eberhart,* and *Leidy* support Appellant's argument because the trial court herein was not required to draw inferences from the record documents.  To the contrary, argues Law Firm, "the language of the demand letter was a clear and unambiguous grant of express authority to [Law Firm] to settle [Appellant's] bodily injury claim."  Law Firm's Brief at 8.

We agree with Law Firm that the trial court correctly concluded that Appellant's answer and new matter failed to raise any genuine issue of fact on the question of Law Firm's authority to settle Appellant's claim.  The

drafted demand letter sent to Appellant for her review and corrections expressly stated that Law Firm "conferred with [Appellant] and [she] has authorized [Law Firm attorney] to make a demand . . . ." Amended Complaint, 7/2/14, at Exhibit B. Appellant did not make any changes to this language in her red-lined copy. *Id.* at Exhibit C. Significantly, Appellant admitted in her answer that Exhibit C, without correction to the authority-to-settle wording, is the red-lined copy she returned to Law Firm. Answer and New Matter, 7/21/14, at ¶ 8.

As observed in ***Pocono Summit Realty, LLC v. Ahmad Amer, LLC***, 52 A.3d 261 (Pa. Super. 2012), averments of fact properly pleaded by the adverse party "must be taken as true, or as admitted, **unless their falsity is apparent from the record**." *Id*. at 267 (emphasis in original) (citation omitted); 3 Goodrich Amram 2d § 1034(b):5 (in considering motions for judgment on the pleadings, averments of relevant fact in the opposing party's pleadings must be deemed to be admitted or true, unless the record shows those facts to be false). Here, Appellant's claim that she did not authorize Law Firm to settle her claim with State Farm is specifically belied by the precise language of the demand letter, and her concession that she returned the red-lined copy effectively admits Law Firm's allegations. Accordingly, Appellant's claim that an outstanding issue of fact precluded entry of judgment for Law Firm is without merit.

Appellant's second argument that the trial court erred when it ordered her to sign the release settling her claim is, in part, dependent on the first argument, now dismissed, that Law Firm did not have authority to settle the case. In any event, Appellant's claim is reasoned by a faulty premise because the trial court did not order Appellant to sign the release. In its order, the trial court granted Law Firm's motion "as prayed for in its Motion for Judgment on the Pleadings. . . ." Order, 3/3/15, at 1. Although Law Firm's amended complaint's prayer for relief requested the trial court to order Appellant to sign the release, no such remedy was requested in either its motion for judgment on the pleadings or in its brief filed in support of the motion. Accordingly, there is no legally cognizable basis for this allegation of error.

Although not enumerated in her Statement of the Questions Involved, Appellant urges in her brief that the legal argument raised in her new matter that any award to Law Firm is limited to *quantum meruit* recovery remains unresolved. Appellant did not raise this issue in her 1925(b) statement; therefore, it is waived. **Majorsky v. Douglas**, 58 A.3d 1250, 1259 (Pa. Super. 2012) (appellant's failure to include an issue in his 1925(b) statement waives that issue for purposes of appellate review). Additionally, to the extent that Appellant proposes that the injuries from the car accident impeded her cognitive abilities to the point that she did not understand the correspondence concerning Law Firm's settlement authority, that claim is

likewise waived, as it was not raised in either her new matter or in her 1925(b) statement. ***Id.***

For the reasons stated above, we affirm the trial court's order granting judgment on the pleadings in favor of Law Firm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016