## Cumberland Development and Marketing Inc. v. Lake Adventure Community Association Inc.

C.P. of Pike County, no. 15-1997 Equity.

*Vincent S. Cimini,* for plaintiff.
*Janet K. Catina,* for defendant.

THOMSON, *P.J.,* October 13, 1998—This case involves an analysis of the recently enacted Uniform Planned Community Act[1] which went into effect on Feb-

---

1. 68 Pa.C.S. §5101 et seq.

ruary 2, 1997. The issue before the court is whether the amendment procedure dictated by the UPCA or the one contained in the original declaration should be utilized in this matter. We find that the amendment procedure employed in the original declaration, which runs contrary to the UPCA, should prevail due to the *reverse priority rule* of the UPCA. As a result, the amendments recorded April 7, 1997 are valid.

## FACTS

The material facts are adopted from the joint stipulation of facts and exhibits submitted by the parties. The court has also reviewed the pleadings, documents, and matters of record to determine other relevant facts in this case.

(1) Plaintiff is Cumberland Development and Marketing Inc., a corporation duly organized and existing under the laws of Pennsylvania with a principal place of business located in Milford, Pennsylvania.

(2) Defendant is Lake Adventure Community Association Inc., a Pennsylvania nonprofit corporation having a principal place of business in Milford, Pennsylvania.

(3) Defendant owns and administers the common areas and recreational facilities within the recreational development known as Lake Adventure.

(4) The Lake Adventure community is a recreational campground development created by the original developer, Lake Adventure Inc., consisting of various parcels of real estate located in Dingman Township, Pike County, Pennsylvania.

(5) On or about February 25, 1977, the original developer, Lake Adventure Inc., recorded a declaration of restrictive covenants relative to Lake Adventure which

reserved certain rights for the declarant who, at the time, was Lake Adventure Inc. (the original declaration). See exhibit 1.

(6) On or about December 13, 1986, the original declaration was amended (the first amendment). These amendments did not affect declarant's rights as set forth in the original declaration.

(7) After a series of mergers in late 1985 and early 1986, Lake Adventure Inc. became Eagle Lake Corporation.

(8) On or about August 15, 1991, Eagle Lake Corp. defaulted on its loan from First Eastern Bank N.A.

(9) On or about the same date, First Eastern Bank accepted from Eagle Lake Corp. a deed in lieu of foreclosure to certain and various lots owned by the corporation in Lake Adventure.

(10) The aforementioned deed in lieu of foreclosure granted to First Eastern Bank, its successors and assigns, all the rights and privileges of the grantor. See exhibits 3, 4.

(11) On or about January 13, 1993, First Eastern Bank conveyed to plaintiff by deed certain lots located in Lake Adventure. See exhibit 2.

(12) On or about May 13, 1993, First Eastern Bank executed and forwarded to plaintiff a document entitled Master Assignment of Developer's Rights. See exhibit 3.

(13) On November 15, 1995, in a declaratory action, *Cumberland Development and Marketing Inc. v. Lake Adventure Community Association,* no. 784-CV-1994 (Pike Cty., November 15, 1995), this court ordered and decreed that plaintiff is the declarant under the original declaration and first amendment and, therefore, is en-

titled to the rights, privileges and duties afforded to the declarant. See exhibit 4.[2]

(14) The original declaration, in particular article XIV, contains a procedure relating to amendments of declarations. That section provides:

"This declaration may be amended by the affirmative vote of two-thirds of the total number of votes held by all members of the association entitled to vote and the recording of an amendment to this declaration duly executed by (a) the requisite number of such members required to effect such an amendment; or (b) by the association, in which case, such amendment shall have attached to it a copy of the resolution of the board attesting to the affirmative action of the requisite number of members to effect such amendment, certified by the secretary of the association."

(15) Pursuant to article XIV of the original declaration, Lake Adventure commenced a process of amending the declaration.

(16) Members voted by ballot on the amendment of the declaration beginning August 31, 1996 and ending January 31, 1997.

(17) On February 1, 1997, the results of the vote were tabulated with defendant receiving a sufficient number of votes to amend the declaration.

(18) Defendant recorded the amended declaration in the office of the Pike County Recorder of Deeds on April 7, 1997. See exhibit 5.

---

2. The defendant appealed this court's November 15, 1995 decision to the Pennsylvania Superior Court which transferred the action to the Pennsylvania Commonwealth Court. The Commonwealth Court affirmed our order and decree. Defendant then filed a petition for allowance of appeal to the Pennsylvania Supreme Court and the matter is currently before that court.

(19) On or about December 18, 1996, the governor signed Act 180 of 1996 known as the Uniform Planned Community Act. See exhibit 6.

(20) The effective date of the UPCA is February 2, 1997.

(21) Relevant sections of the UPCA read as follows:

(a) Section 5102. Applicability

"(b) Retroactivity.—Except as provided in subsection (c), sections 5105, 5106, 5107, 5203 (relating to construction and validity of declaration and bylaws), 5204 (relating to description of units), 5218, *5219 (relating to amendment of declaration),* 5223 (relating to merger or consolidation of planned community), 5302(a)(1) through (6) and (11) through (15) (relating to power of unit owners' association), 5311 (relating to tort and contract liability), 5315 (relating to lien for assessments), 5316 (relating to association records), 5407 (relating to resales of units) and 5412 (relating to effect of violations on rights of action) and section 5103 (relating to definitions), to the extent necessary in construing any of those sections, *apply to all planned communities created in this Commonwealth before the effective date of this subpart; but those sections apply only with respect to events and circumstances occurring after the effective date of this subpart and do not invalidate existing provisions of the declaration, bylaws or plats and plans of those planned communities.*" (emphasis added)

(b) Section 5219. Amendment of declaration

"(a) Number of votes required.—

"(1) The declaration, including the plats and plans, may be amended only by vote of at least:

"(i) 67 percent of the association;

"(ii) a larger percentage of the association specified in the declaration; or

"(iii) a smaller percentage of the association specified in the declaration if all units are restricted exclusively to nonresidential use.

"(c) Recording amendment.—Every amendment to the declaration must be recorded in every county in which any portion of the planned community is located in the same records as are maintained for the recording of deeds of real property and shall be indexed in the name of the planned community in both the grantor and grantee index. An amendment is effective only upon recording.

"(d) When unanimous consent or declarant joinder required.—Except to the extent expressly permitted or required by other provisions of this subpart, without unanimous consent of all unit owners affected, no amendment may create or increase special declarant rights, alter the terms or provisions governing the completion or conveyance or lease of common facilities or increase the number of units or change the boundaries of any unit, the common expense liability or voting strength in the association allocated to a unit or the uses to which any unit or the uses to which any unit is restricted. In addition, no declaration provision pursuant to which any special declarant rights have been reserved to a declarant shall be amended without the express written joinder of the declarant in such amendment."

(22) Plaintiff has not provided Lake Adventure with express written joinder with regard to Lake Adventure's proposed amendments and revisions.

## DISCUSSION

Plaintiff seeks to enjoin defendant's attempt to amend the original declaration which provides plaintiff with certain rights and privileges as the declarant. Plaintiff argues that the newly enacted UPCA and its amendment

procedure apply because defendant did not record their amendments until April 7, 1997, two months after the UPCA went into effect. The UPCA, in particular section 5219, would require defendant to obtain express written joinder from plaintiff in order to amend plaintiff's rights under the original declaration. Since defendant never obtained such joinder from plaintiff, plaintiff argues that the amendments are void.

In contrast, defendant asserts that the UPCA does not apply to the proposed amendments since the vote occurred prior to the effective date of the UPCA, and recording the amendments was simply a ministerial act. Nevertheless, if the court rules that the UPCA applies, defendant maintains that the existing provisions of the original declaration, in particular article XIV, trump the UPCA pursuant to the *reverse priority rule*. See 68 Pa.C.S. §5102. Therefore, defendant argues, the amendments are valid.

The threshold question the court must determine is whether the UPCA applies. Although the UPCA governs planned communities created after its effective date (February 2, 1997),[3] certain sections of the Act, including section 5219, apply retroactively to pre-existing or old planned communities, with two limitations. 68 Pa.C.S. §5102(b). First, the UPCA only applies retroactively with respect to events and circumstances occurring after the effective date of the UPCA (*"new events rule"*). *Id.* Second, the UPCA shall not invalidate existing provisions of the declaration, bylaws, or plats and plans of the old planned community (*"reverse priority rule"*). *Id.* Therefore, if the relevant events and circumstances fit within both rules: (1) *the new events rule And*

---

3. 68 Pa.C.S. §§5101 and 5102(a).

(2) *the reverse priority rule,* section 5219 of the UPCA, will apply retroactively to the old planned community, *i.e.,* Lake Adventure.

## I. *The New Events Rule*

The first of two limitations on the UPCA applying retroactively is the *new events rule.* The *new events rule* requires that the events and circumstances occurring prior to the effective date of the Act be judged under prior law (the existing provisions of the declarations, bylaws, or plots and plans of the old planned community), not under the UPCA. *Id.* However, if the events and circumstances occur after the effective date of the UPCA, the UPCA applies. *Id.*

At issue in this case is whether the amendment was fully enacted before or after the UPCA went into effect. To determine when the amendment was enacted, we must look to article XIV of the original declaration. Article XIV requires two events occur in order to amend a declarant's rights: (1) two-thirds of the association members entitled to vote must vote in favor of the amendment, and (2) the amendment must be recorded. See article XIV of the original declaration. (Finding of fact no. 14.)

Plaintiff argues that both requirements must be satisfied before the amendments are controlling. Although the vote was held prior to the effective date of the UPCA, the recording occurred afterward. Therefore, the UPCA is applicable. Defendant contends that most of the events in the amendment process took place prior to the effective date of the UPCA and the recording of the amendment is nothing more than a ministerial act. Hence, the UPCA does not apply.

The court concludes that the *new events rule* has been satisfied in this case. Although the vote on the amendments occurred prior to the effective date of the UPCA, the recording did not. Without the recording, the amendments are ineffective. Since the recording of the amendments did not occur until April 7, 1997, the amendments themselves did not go into effect until that date, thereby establishing a material event after the UPCA went into effect. The court does not consider the recording of the amendments to be a ministerial act; rather, the recording is a necessary element in causing the amendments to become operative. Accordingly, the UPCA applies pursuant to the *new events rule.*

## II. *The Reverse Priority Rule*

Now that we've determined that the UPCA applies through the *new events rule,* we turn to whether the *reverse priority rule* has been satisfied. The *reverse priority rule* dictates that if a conflict exists between the UPCA and the prior law (the existing provisions of the declarations, bylaws, or plots and plans of the old planned community), the UPCA shall yield to the prior law and will not invalidate it. 68 Pa.C.S. §5102(b). Therefore, the *reverse priority rule* places the original declaration of the old planned community in a position senior to the UPCA when the two laws conflict.

Clearly, article XIV of the original declaration and section 5219 of the UPCA conflict. Article XIV requires two steps to amend the declarant's rights: (1) two-thirds of the association members entitled to vote must vote in favor of the amendment, and (2) the amendment must be recorded. In contrast, section 5219 of the UPCA requires three steps to amend the declarant's rights: (1) 67 per-

cent of the association members must vote in favor of the amendment, (2) the amendment must be recorded, and (3) the association must receive the express written approval from the declarant. 68 Pa.C.S. §5219(d). The last requirement under the UPCA clearly conflicts with article XIV.

The essential question, however, is not whether the UPCA conflicts with article XIV but whether the UPCA *invalidates* article XIV. Plaintiff insists that section 5219(d) of the UPCA does not invalidate article XIV but only adds an element to the amendment process. Defendant counters that this added element invalidates article XIV because it essentially creates a veto power in the declarant which did not exist under article XIV. We agree with the defendant. By establishing this third element of the amendment process, the UPCA diminishes rights held by the defendant and gives plaintiff new rights which it never enjoyed before the enactment of the UPCA, thereby invalidating article XIV.

Prior to the UPCA, defendant could have amended plaintiff's rights by adhering to the voting and recording requirements of article XIV. Now, however, adhering to the requirements of article XIV would not be sufficient to amend the plaintiff's rights under the UPCA. According to the criteria set forth in section 5219(d), article XIV, essentially, has no legal effect in cases where the defendant seeks to amend the declarant's rights. The lack of binding force or legal effect in article XIV as caused by section 5219(d) of the UPCA, forces us to find that the UPCA invalidates article XIV in cases where the association wishes to amend the declarant's rights. Therefore, the *reverse priority rule* mandates that article XIV take priority over section 5219 of the UPCA.

As stated earlier, both the *new events rule* and the *reverse priority rule* must be satisfied in order for the UPCA to apply retroactively to the proposed amendments. Since the *reverse priority rule* was not fulfilled, the UPCA cannot apply retroactively to the case at bar.

Having determined that the UPCA does not apply, there was no need for the defendant to obtain the express written joinder of the plaintiff before amending the declarant's rights. Defendant has met the procedural requirements for amendments outlined in article XIV of the original declaration. Therefore, the amendments recorded April 7, 1997 are valid.

## CONCLUSION

For the foregoing reasons, we find that article XIV of the original declaration (relating to amendment of the declaration) has priority over section 5219(d) of the UPCA because of the *reverse priority rule* of the UPCA. Therefore, the amendments are valid. An appropriate decree follows.

## DECREE NISI

And now October 13, 1998, upon consideration of the foregoing case, briefs submitted by the parties, and argument of counsel, it is the decree of this court that the subject amendments passed on February 1, 1997 and recorded April 7, 1997 are valid.

Furthermore, the prothonotary is directed to notify the attorneys of record of the filing of this adjudication and, if post-trial motions are not filed within 10 days after such notice in accordance with Pa.R.C.P. 227.1, to enter the decree nisi, on praecipe, as the final decree in accordance with Pa.R.C.P. 227.4.