J-A31024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HORSHAM TOWNE ASSOCIATES AND 575 HORSHAM ROAD OWNER, LLC | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : : | |
| JOHN HURLEY, T/A EDIBLES RESTAURANT AND PUB | : : : : : | No. 1555 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment Entered April 19, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2014-04519

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 23, 2018**

Appellant, John Hurley, t/a Edibles Restaurant and Pub, appeals from the judgment entered on April 19, 2017, in favor of Plaintiff Horsham Towne Associates (hereinafter "Plaintiff") and against Appellant, in the amount of $268,228.28. We affirm.

On March 3, 2014, Plaintiff filed a complaint against Appellant, claiming that Appellant breached the terms of a commercial lease by failing to pay rent when due. Plaintiff's Complaint, 3/3/14, at ¶¶ 1-20. Specifically, Plaintiff averred, it owns the Horsham Square Shopping Center in Horsham, Pennsylvania and, in November 2004, it began leasing commercial property to Appellant. *Id.* at ¶¶ 1-5. Plaintiff claimed that Appellant failed to pay rent when due and that, as of the filing of the complaint, Appellant owed Plaintiff $205,696.89. *Id.* at ¶ 11. Further,

_____

* Former Justice specially assigned to the Superior Court.

Plaintiff claimed that it demanded that Appellant surrender the premises, but Appellant refused and, thus, unpaid rent continues to accrue. *Id.* at ¶¶ 13-14.

Plaintiff's complaint contained two counts: breach of lease and demand for possession. With respect to the claims, Plaintiff sought "judgment in the full amount due and owing . . . plus rent that continues to accrue as well as [attorneys'] fees and costs" and possession of the leasehold to the exclusion of Appellant. *See id.* at ¶¶ 10-20.

After the trial court overruled Appellant's preliminary objections, Appellant filed an answer, new matter, and counterclaim. Within the answer, Appellant generally denied that it was in breach of the lease agreement and that it "failed to make payments when due." *See* Appellant's Answer, New Matter, and Counterclaim, 7/2/14, at ¶¶ 8 and 10. Moreover, in response to Plaintiff's averment that, "[a]s of the date of this complaint, [Appellant] owes $205,696.89," Appellant simply answered: "Denied. [Appellant] does not owe to the Plaintiff [$205,696.89]." *See* Plaintiff's Complaint, 3/3/14, at ¶ 11; Appellant's Answer, New Matter, and Counterclaim, 7/2/14, at ¶ 11.

Appellant's counterclaim alleged that Plaintiff had "committed fraud because prior to the signing of the lease [Appellant] made inquiries of [] Plaintiff of the non-competition clause contained in the subject lease." Appellant's Answer, New Matter, and Counterclaim, 7/2/14, at ¶ 2 (some internal capitalization omitted). Appellant claimed that, "as a direct and

proximate result of [Plaintiff's fraudulent statements, Appellant] was sued by DeVenuto Restaurant, Inc. for violating [] Plaintiff's lease with Via Vento Restaurant with regard to its covenant not to compete." *Id.* at ¶ 7. In doing so, Appellant claimed, Plaintiff breached the covenant of quiet enjoyment in the lease and was liable to it for the tort of fraudulent representation. *Id.* at ¶¶ 1-7.

Plaintiff answered Appellant's counterclaim. In response to Appellant's claim that Plaintiff breached the covenant of quiet enjoyment in the lease and committed fraud, Plaintiff answered:

> Denied as conclusion of law to which no response is required. By further response, it is specifically denied that Plaintiff has committed fraud. Any mention or possible notion of fraud upon information and belief harkens back to a lawsuit filed in 2005 to which Plaintiff and [Appellant] were named as defendants. That suit and all claims, counterclaims, and cross claims among all of the parties to the suit, including Plaintiff and [Appellant] in this case, have been settled in a confidential settlement agreement dated April 10, 2006. The signature page containing the signatures of Plaintiff and [Appellant] is attached [to the pleading].
>
> Furthermore, and in addition to this otherwise frivolous averment and claim, [Appellant] is mixing contract and tort claims for no good or legitimate reasons other than to delay resolution of this case. Finally, if the settlement agreement does not cut off any possible counterclaims, certainly, the two-year statutes of limitations to fraud bars suit almost eight years after the same allegations were raised and settled and subject to the doctrine of *res judicata*. Accordingly, the averment is frivolous and subject to sanctions.

Plaintiff's Answer to Counterclaim, 7/24/14, at ¶ 2.

On October 14, 2014, Plaintiff filed a motion for judgment on the pleadings and claimed that it was entitled to judgment in its favor because Appellant generally denied that it was in breach of the lease agreement and, thus, admitted to the breach, and because Appellant's counterclaims were frivolous. **See** Plaintiff's Motion for Judgment on the Pleadings, 10/14/14, at ¶¶ 11-20; Plaintiff's Memorandum of Law in Support of Motion, 10/14/14, at 1-7.

On February 23, 2015, the trial court granted, in part, Plaintiff's motion for judgment on the pleadings. In particular, the trial court: granted Plaintiff's motion on the issue of Appellant's liability for breach of contract; dismissed Appellant's counterclaims; and, declared that it would schedule a hearing to assess the amount of damages at a later date. Trial Court Order, 2/23/15, at 1.

On May 31, 2016, Appellant filed a "Petition to Substitute Transferee as Plaintiff" (hereinafter "Appellant's Petition"). Within the petition, Appellant averred that, in July 2014, Plaintiff assigned "all of its rights, including but not limited to all rents, issues and profits, under the subject lease" to an entity named 575 Horsham Road Owner, LLC (hereinafter "575 Horsham"). Appellant's Petition, 5/31/16, at ¶ 3. Appellant claimed that, as a result of this transfer, Plaintiff "no longer has any claim against [Appellant]" and that the trial court "should substitute 575 Horsham [] as party plaintiff." **Id.** at ¶¶ 6-8 (some internal capitalization omitted).

On November 29, 2016, the trial court entered an order that granted Appellant's Petition in part. Specifically, the trial court ordered that 575 Horsham was joined – but not substituted – as plaintiff in the action. Trial Court Order, 11/29/16, at 1.

The trial court held the assessment of damages hearing on November 30, 2016. During the hearing, the trial court heard testimony that, up until the date that Plaintiff transferred the property to 575 Horsham, Appellant owed to Plaintiff: $174,705.99 in unpaid rent; $44,075.00 in late fees; and $48,583.26 that accrued at the conclusion of an "agreed abatement." N.T. Damages Hearing, 11/30/16, at 27-29 and 33-34.

At the end of the hearing, the trial court concluded that Appellant was liable to Plaintiff in the total amount of $268,228.28. **See** Trial Court Decision, 12/13/16, at 1; **see also** Amended Trial Court Decision, 1/9/17, at 1. The trial court's amended decision reads:

> AND NOW, this [9th] day of January, 2017, it is hereby ORDERED that . . . judgment is awarded in favor of Plaintiff and against [Appellant] as follows:
>
> | | |
> |---|---|
> | Unpaid rent due under lease [] | $174,705.99 |
> | Amount due after agreed abatement ended [] | 48,583.26 |
> | Late fees (9/1/09 to 6/30/14) [] | 44,075.00 |
> | Amount of costs | 864.03 |
> | For a combined judgment of | $268,228.28 |

> In accordance with 42 Pa.C.S.A. § 8101, interest shall accrue on $268,224.28 at the lawful rate from the date of the verdict until the judgment is paid by [Appellant].

Trial Court Amended Decision, 1/9/17, at 1 (some internal capitalization omitted).

The trial court denied Appellant's timely post-trial motion on January 24, 2017 and, on April 19, 2017, judgment was entered on the verdict. Appellant filed a timely notice of appeal on May 15, 2017. Appellant raises two claims on appeal:

> [1.] Did the [trial] court [] commit reversible error and abuse its discretion in granting judgment on the pleadings on the issue of liability of [Appellant] to Plaintiff?

> [2.] Did the [trial] court [] commit reversible error and abuse its discretion in denying [Appellant's] motion to dismiss and refusing to permit [Appellant] to put on a defense at trial, which defense would have demonstrated both that Plaintiff [] had assigned and transferred all of its rights under the subject lease to 575 Horsham [] and that the action was barred as against both [p]laintiffs on the basis of *res judicata* and collateral estoppel?

Appellant's Brief at 4 (some internal capitalization omitted).[1]

_____

[1] Appellant filed a separate appeal from the April 19, 2017 judgment and we docketed this separate appeal at 241 EDA 2017. The appeal docketed at 241 EDA 2017 is duplicative of the current appeal, as the appeal lies from the same April 19, 2017 judgment and, within Appellant's brief at that appeal, Appellant raises the same substantive claims that he raises in the current appeal. We have thus quashed the appeal at 241 EDA 2017 as duplicative of the current appeal.

First, Appellant contends that the trial court erred when it granted Plaintiff's motion for judgment on the pleadings as to the issue of Appellant's liability. This claim fails.

We have explained:

> Judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting judgment on the pleadings is plenary and we apply the same standard employed by the trial court. Our review is confined to the pleadings and relevant documents. We must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts that were specifically admitted. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*McLafferty v. Council for the Ass'n of Owners of Condo. No. One, Inc.*, 148 A.3d 802, 806-807 (Pa. Super. 2016) (some internal citations omitted).

Appellant claims that the trial court erred in granting Plaintiff judgment on the pleadings solely because: "Plaintiff sold the leased premises to [575 Horsham] on July 1, 2014. In doing so, it transferred all of its rights under the lease to [575 Horsham]. Because of this[, Plaintiff] . . . no longer has

any claim against [Appellant] under the lease agreement." Appellant's Brief at 19 (some internal capitalization omitted).

Appellant's claim on appeal immediately fails, as Appellant has not cited to any contractual provision between Plaintiff and 575 Horsham that assigned Appellant's lease (or the right to collect the unpaid rent and fees that Appellant owed to Plaintiff) from Plaintiff to 575 Horsham. **See** Appellant's Brief at 18-23. Indeed, Appellant has not cited to anything that would prohibit Plaintiff from recovering the unpaid rent and fees that Appellant owed to Plaintiff during the time that Plaintiff was the owner and lessor of the land. **See id.** To be sure, the trial court noted:

> [Appellant] argues that after this lawsuit began, ownership of the property was transferred. This court does not find that any such transfer is relevant to [Appellant's] obligation to pay rent owed to Plaintiff. The new owner, 575 Horsham . . . [,] was joined in this lawsuit. Joseph Ventresca, a representative of the new owner, 575 Horsham . . . , appeared at the hearing on November 30, 2017 and made no objection to the relief sought by Plaintiff. Indeed, on January 11, 2017, 575 Horsham . . . filed a response opposing [Appellant's] request for post trial relief.

Trial Court Opinion, 6/23/17, at 4 n.6 (some internal capitalization omitted).

Thus, Appellant's first claim on appeal cannot succeed.

For Appellant's second and final claim on appeal, Appellant contends that the trial court erred when it "den[ied Appellant's] motion to dismiss and refus[ed] to permit [Appellant] to put on a defense at trial." Appellant's Brief at 23. According to Appellant, his defense "would have demonstrated both that Plaintiff [] had assigned and transferred all of its rights under the

subject lease to 575 Horsham [] and that the action was barred as against both plaintiffs on the basis of *res judicata* and collateral estoppel." ***Id.***

As we have held:

> the doctrines of *res judicata* and collateral estoppel . . . serve to preclude the litigation, respectively, of claims and issues that have previously been litigated.
>
> Where there has previously been rendered a final judgment on the merits by a court of competent jurisdiction, the doctrine of *res judicata* will bar any future suit on the same cause of action between the same parties. Invocation of the doctrine of *res judicata* (claim preclusion) requires that both the former and latter suits possess the following common elements:
>
> > 1. identity in the thing sued upon;
> > 2. identity in the cause of action;
> > 3. identity of persons and parties to the action; and
> > 4. identity of the capacity of the parties suing or being sued.
>
> Collateral estoppel (issue preclusion) is closely related to *res judicata*, but bears certain distinctions[.]
>
> . . . [T]he doctrine of *res judicata*, subsumes the more modern doctrine of issue preclusion which forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment. Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.
>
> Collateral estoppel does not require identity of causes of action or parties. However, while *res judicata* will bar

subsequent claims that could have been litigated in the prior action, but which actually were not, collateral estoppel will bar only those issues that actually were litigated in the prior proceeding.

**Chada v. Chada**, 756 A.2d 39, 42-43 (Pa. Super. 2000) (some internal quotations and citations omitted).

In essence, Appellant claims that a later suit – that 575 Horsham filed against Appellant, in October 2014, to recover unpaid rent that Appellant owed to 575 Horsham – barred Plaintiff's current lawsuit against Appellant that Plaintiff filed on March 3, 2014. Appellant's Brief at 26. This argument fails.

In 575 Horsham's suit against Appellant, 575 Horsham filed suit to collect the $10,200.00 in unpaid rent that Appellant owed 575 Horsham after 575 Horsham became the owner of the property, while Appellant was still a holdover on the premises. **See**, **e.g.**, Landlord and Tenant Complaint, 10/28/14, at 1. In the case at bar, Plaintiff sued Appellant to recover the $174,705.99 in unpaid rent (and additional, other fees) that Appellant owed to Plaintiff through the end of June 2014 – or, until Plaintiff sold the premises to 575 Horsham. Thus, *res judicata* does not bar Plaintiff's suit against Appellant, as there is neither an identity of the parties nor an identity of "the thing sued upon." **See Chada**, 756 A.2d at 42-43. Further, collateral estoppel does not shield Appellant from suit, as "the issue decided in the prior case" (the unpaid rent Appellant owed 575 Horsham from July 2014 onward) was not identical to the issue presented in the case at bar

(the unpaid rent Appellant owed Plaintiff during the time Plaintiff owned the premises). *Id.* Appellant's claim on appeal thus fails.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18