J-A28004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KELLY DUTTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOREMOST INSURANCE COMPANY | : | No. 3110 EDA 2022 |

Appeal from the Order Entered November 21, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220300615

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 1, 2023**

Appellant, Kelly Dutton, appeals *pro se* from the order entered on November 21, 2022, which granted the motion for judgment on the pleadings filed by Defendant Foremost Insurance Company (hereinafter "the Defendant") and dismissed Appellant's complaint with prejudice.  We affirm.

The trial court ably summarized the underlying facts of this case:

> On March 4, 2022, [Appellant] filed a complaint against [the Defendant] wherein she asserted a claim of breach of contract against [the Defendant] related to her homeowners' insurance policy ("the Policy") claim.  According to [Appellant, the Defendant] breached the Policy by failing to pay the full amount of her claim involving property damages from a fire at her residence that occurred on January 2, 2020. [Appellant] claim[ed] that [the Defendant] closed her file and refused to continue to negotiate a settlement.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 4, 2022, [the Defendant] filed an answer with new matter[,] asserting that [Appellant's] claim was barred by the suit limitation contained in the Policy. [Appellant] did not file a reply to [the Defendant's] new matter.

On October 14, 2022, [the Defendant] filed a motion for judgment on the pleadings[, again contending that Appellant's claim was barred by the one-year suit limitation in the Policy. Appellant] filed a response to [the Defendant's] motion and argue[d] that [the Defendant's] motion [was] an attempt to circumvent arbitration of her claim. On November [21,] 2022, the trial court granted [the Defendant's] motion for judgment on the pleadings. On December 8, 2022, [Appellant] filed a timely appeal of the [trial court's] order.

Trial Court Opinion, 5/10/23, at 1 (citations and some capitalization omitted).

A review of Appellant's brief does not reveal any comprehensible legal argument or claim of error. Further, the argument section of the brief is two sentences long and contains no legal argument, reference to the record, or citations to case law. *See* Appellant's Brief at 6. "[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002). Accordingly, we find that Appellant's claim on appeal is waived. *See also Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Moreover, even if Appellant's claim were not waived, it would fail, as it is meritless. The trial court explained:

A party may move for judgment on the pleadings "after the pleadings are closed, but within such time as not to unreasonably delay trial." Pa.R.C.P. 1034(a). Similar to a demurrer, a trial court may grant a motion for judgment on the pleadings where (1) there are no disputed issues of fact, and (2) the moving party is entitled to judgment as a matter of law. ***McLafferty v. Council for the Ass'n of Owners of Condo. No. One, Inc.***, 148 A.3d 802, 806 (Pa. Super. 2016). In deciding a motion for judgment on the pleadings, the trial court may only consider the pleadings and relevant documents, accepting as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings of the party against whom the motion is filed. ***Id.*** at 806-807. The trial court should grant a motion for judgment on the pleadings only "when the moving party's right to succeed is certain and the case is so free from doubt that [a] trial would clearly be a fruitless exercise." ***Id.*** at 807.

Under Pennsylvania law, a standard fire insurance policy must include a one-year suit limitation clause. ***See*** 40 P.S. § 636. As set forth by statute: "no insurance company, association or exchange shall issue a policy affording fire insurance, as defined in this section, on property in this Commonwealth, unless such policy contains the following provisions as to such insurance: No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of loss." ***See*** 40 P.S. § 636(2). "Such a statutory requirement can hardly be termed a 'contract of adhesion,' imposed unfairly by the stronger party upon the weaker. Rather, it represents a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds. The validity of this statutorily mandated provision has been consistently upheld." ***Schreiber v. Pa. Lumberman's Mut. Ins. Co.***, 444 A.2d 647, 649 (Pa. 1982); ***see also Mail Quip, Inc. v. Allstate Ins. Co.***, 388 F.Supp.3d 433, 439 (3rd Cir. 2019) (suit limitations mandated by the legislature are distinguished from suit limitations that contractually modify the statute of limitations).

Here, [Appellant] filed her complaint on March 4, 2022. [Appellant's] complaint alleged that [the Defendant] breached the fire insurance policy by failing to pay her homeowners' insurance claim relating to fire damages that occurred at her property on January 2, 2020. The Policy, attached to [the Defendant's] answer and new matter and motion for judgment on the pleadings, contained a suit limitation clause in Paragraph 8, which states that "suit must be brought within one year after the loss occurs."

The following facts are undisputed: (1) as averred in [Appellant's] complaint, the losses from the property damage occurred on January 2, 2020; (2) [Appellant's] fire insurance policy contained the statutorily mandated suit limitation of one year, as set forth in Paragraph 8 of the Policy; and (3) [Appellant's] complaint was filed on March 4, 2022, more than two years after her property damage loss occurred. Since [Appellant's] property damage claim occurred on January 2, 2020, [Appellant's] claim is barred by the Policy's suit limitation clause contained in Paragraph 8. Thus, [Appellant's] lawsuit is time-barred by the [one-year] suit limitation provision contained in the Policy. Accordingly, the trial court properly granted [the Defendant's] motion for judgment on the pleadings.

Trial Court Opinion, 5/10/23, at 2-3 (some capitalization omitted).

We agree with the trial court's able explanation and conclude that, even if Appellant's claim on appeal were not waived, it would fail, as it is meritless.

Order affirmed. Jurisdiction relinquished. Case struck from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/1/2023</u>